IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VINCENT E. SMITH, #R11677, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-cv-00745-MJR |
| | ) |
| JOHN DOE 1, JOHN DOE 2, | ) |
| and STEPHEN DUNCAN, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Vincent E. Smith, an inmate who is currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this *pro se* action for alleged violations of his constitutional rights under 42 U.S.C. § 1983 (Doc. 1). He alleges that the conduct giving rise to his claims occurred at Lawrence. In a prior Memorandum and Order, the Court severed Plaintiff's claims into two separate cases. This Memorandum and Order addresses Counts One and Two—the counts remaining in the original case. These two counts allege deliberate indifference for excessive force and failure to intervene. The defendants are unnamed—John Doe 1 and John Doe 2—as the Plaintiff has been unable to ascertain their identities from the prison facility. Plaintiff seeks monetary compensation for his injuries.

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim

upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).

## The Complaint

The Plaintiff alleges that in July 2014, John Doe 1 came to his cell and began beating him (Doc. 1 at 6). John Doe 1 slammed the Plaintiff's head into the concrete wall multiple times (*Id.*). At the time of the beating, John Doe 1 and John Doe 2 were participating in an Orange Crush tactical team detail at the facility (*Id.*). John Doe 2 merely looked on and failed to attempt to stop the abuse (*Id.*). After the assault, Plaintiff was given ice for the lump on his head and the accompanying headache (*Id.* at 7). Plaintiff alleges in his complaint that prior to the assault he never had head pain (*Id.*). Further, he submitted grievances seeking the names of John Doe 1 and John Doe 2, but was denied access to that information (*Id.* at 11; Doc. 1-1 at 41-43).

## Discussion

The Court is using the same designation of counts set forth in its previous severance order, thus the pertinent counts are:

**Count 1:**   Eighth Amendment excessive force claim against Defendant John Doe 1 for assaulting Plaintiff during an Orange Crush detail;

**Count 2:**   Eighth Amendment failure to intervene claim against Defendant John Doe 2 for failing to intervene or stop John Doe 1 from assaulting the Plaintiff;

Counts One and Two will proceed against Defendants John Doe 1 and John Doe 2, respectively.

## Count 1

The Eighth Amendment to the United States Constitution protects prisoners from cruel and unusual punishment. U.S. CONST., amend. VIII; *see also Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010). The intentional use of excessive force by prison guards against an inmate,

without penological justification, constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983. *See Wilkins v. Gaddy*, 559 U.S. 34, 38-40 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). An inmate must show that an assault occurred, and that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'" *Wilkins*, 559 U.S. at 40 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Id.*, 559 U.S. at 37-38 (the question is whether force was *de minimis*, not whether the injury suffered was *de minimis*); *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).

Here, the Plaintiff has stated sufficient facts for his excessive force claim to proceed beyond screening. He alleged that in July 2014 John Doe 1 came to his cell and began slamming his head into the concrete wall for no justifiable reason. According to the Plaintiff, John Doe 1 was simply performing an Orange Crush detail at the time, and Plaintiff had not done anything to draw attention or provoke John Doe 1. These facts suggest an assault that was malicious or sadistic. *Wilkins*, 559 U.S. at 37-38. Thus, Count 1 will proceed against John Doe 1.

## Count 2

Under the Eighth Amendment, a police officer may be held liable for failing to intervene if he or she has a realistic opportunity to step forward and protect a plaintiff from another inmate or officer's excessive force, but fails to do so. *Harper v. Albert*, 400 F.3d 1052, 1064 (7th Cir. 2005). However, there is not a proper basis for a failure to intervene if there is not an underlying constitutional violation. *Id.*

Here, the Court cannot dispose of this claim at this juncture because there are allegations that John Doe 2 witnessed the attack by John Doe 1 and did not step forth. The facts do not suggest that there was anything preventing John Doe 2 from stepping forward, such as a distraction or John Doe 2 being physically incapable of stopping the attack. The attack itself presents a potential underlying constitutional claim of excessive force. Thus, Count 2 will be allowed to proceed against John Doe 2.

### Pending Motions

Plaintiff has filed a Motion for Recruitment of Counsel (Doc. 3), and a Motion for Service of Process at Government Expense (Doc. 4). These motions will be referred forward to Magistrate Judge **Stephen C. Williams** for handling with the rest of this case.

### Identification of Unknown Defendants

Plaintiff shall be allowed to proceed with Counts 1 and 2 against John Doe 1 and John Doe 2, whose names are currently unknown. However, these parties must be identified with particularity before service of the Complaint can be made on them. Where a prisoner's complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim, but the names of those defendants are not known, the prisoner should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 832 (7th Cir. 2009). In this case, Plaintiff alleges that officials at Lawrence know, or can ascertain, the identities of John Doe 1 and John Doe 2 by referring to a shakedown report for a shakedown of his cell conducted by John Doe 1 and John Doe 2 on the same date of the assault. To the extent that this record exists, officials are urged to cooperate with formal or informal discovery to assist the Plaintiff in ascertaining the identity of these individuals. It should be noted, the grievances the Plaintiff filed

seeking the names of these individuals were denied because they were untimely, not because the grievance officers lacked knowledge of the information sought. This tends to suggest to the Court that the information sought may exist. Guidelines for discovery will be set by the United States Magistrate Judge.

"Depending on the particular circumstances of the case, the court may assist the plaintiff by providing counsel for the limited purpose of amending the complaint; by ordering the named defendants to disclose the identities of unnamed officials involved; by allowing the case to proceed to discovery against high-level administrators with the expectation that they will identify the officials personally responsible; by dismissing the complaint without prejudice and providing a list of defects in the complaint; by ordering service on all officers who were on duty during the incident in question; or by some other means." *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996).

Under the circumstances presented, the Court finds that the Warden at Lawrence, Stephen Duncan, is best suited to respond to discovery aimed at identifying the unknown personnel at the facility. Accordingly, Warden Stephen Duncan will be formally added as a defendant, in his official capacity only, for the sole purpose of assisting in identifying the unnamed parties. *See* FED. R. CIV. P. 21; FED. R. CIV. P. 17(d). <u>Once the names of John Doe 1 and John Doe 2 are discovered, Plaintiff shall file a motion to substitute the newly identified defendants in place of the generic designation in the case caption and throughout the Complaint.</u> Upon receipt of said motion, this Court will substitute the names of the parties for John Doe 1 and 2 and service will proceed against those two parties. At that time, the Court will also dismiss Warden Stephen Duncan.

**Disposition**

**COUNT 1** will proceed against defendant **JOHN DOE 1**. **COUNT 2** will proceed against defendant **JOHN DOE 2**. **WARDEN STEPHEN DUNCAN** shall be **ADDED** as a defendant for the sole purpose of assisting the Plaintiff in ascertaining the identity of unnamed defendants.

**With respect to COUNTS 1 and 2**, the Clerk of Court shall prepare for **WARDEN DUNCAN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Warden Duncan's attention at Lawrence. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

<u>Plaintiff shall file with the Court a Motion for Substitution seeking to replace the generic designations of John Doe 1 and 2 with the names of the defendants once they are known.</u>

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.

Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings, including a decision on Plaintiff's Motion for Recruitment of Counsel (Doc. 3). Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Williams** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: August 12, 2016**

<u>**s/ MICHAEL J. REAGAN**</u><br>**U.S. District Judge**